# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JOSE JESUS DIAZ LOMBANO,

     Petitioner,

v.

                                      Case No. 1:26-cv-01996-MIS-JMR

TODD BLANCHE, in his official capacity as
Acting Attorney General of the United
States; MARKWAYNE MULLIN, in his
official capacity as Secretary of the U.S.
Department of Homeland Security; DAVID
VENTURELLA, in his official capacity as
Acting Director of the U.S. Immigration and
Customs Enforcement; MARY DE ANDA-
YBARRA, in her official capacity as El Paso
Field Office Director, U.S. Immigration and
Customs Enforcement; and WARDEN of the
Torrance County Detention Center,

     Respondents.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner Jose Jesus Diaz Lombano's Petition for

Writ of Habeas Corpus ("Petition"), ECF No. 1, filed June 22, 2026. Respondents Todd Blanche,

Markwayne Mullin, David Venturella, and Mary De Anda-Ybarra ("Federal Respondents"),[1] filed

a Response on July 8, 2026, ECF No. 8. Upon review of the Parties' submissions, the record, and

the relevant law, the Court will DENY the Petition.

---

[1] Respondent Warden, Torrance County Detention Center, did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, see, e.g., Intriago-Sedgwick v. Noem, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, see Francisco v. Dedos, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

Petitioner has been in custody since April 15, 2026. Pet. ¶ 29, ECF No. 1. Petitioner received a bond hearing on June 1, 2026, at which the Immigration Judge (IJ) denied bond based on criminal allegations of domestic violence and child abuse which were dismissed on April 6, 2026. Id. ¶¶ 20, 32, 35. Petitioner challenges his detention on Fifth Amendment grounds. Id. ¶¶ 44-68. Petitioner seeks immediate release or, in the alternative, a "constitutionally adequate and meaningful individualized custody determination based upon reliable evidence and not upon criminal allegations that were dismissed and never resulted in a conviction." Id. at 6-7.

Counsel for Respondents maintains, for preservation purposes, that 8 U.S.C. § 1225(b)(2)(A), not 8 U.S.C. § 1226(a), applies to Petitioner, but acknowledges "that the Tenth Circuit has ruled otherwise in Santillan Quiroz v. Mullin, ___ F.4th ___, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026), and that its recent ruling is binding on this Court." Resp. at 3, ECF No. 8. Counsel argues that this case is distinguishable because Petitioner received a bond hearing on June 1, 2026, at which his bond was denied. Id. The Court finds § 1226(a) applies to Petitioner and agrees that Petitioner has received an adequate bond hearing.

The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026), and finds this case falls under Santillan Quiroz, 2026 WL 1876709, *8. Section 1226(a) governs Petitioner's detention.

Petitioner, however, has already received a bond hearing as required by § 1226(a), at which the Immigration Judge (IJ) made a discretionary decision denying bond based on "danger to the community, arrested for domestic abuse and abuse of a child . . . [f]light risk, respondent was permanently resettled in Columbia prior to the coming to the United States, manner of entry, lack

of ties to the community and speculative form or relief." Order of the Immigration Judge at 1, ECF No. 8-3. Per § 1226(e), the Court has no jurisdiction to review the merits of the bond denial decision. See Grant-Davis v. De Anda-Ybarra, No. 2:26-CV-00054-MIS-LF, 2026 WL 823095, at *3 (D.N.M. Mar. 23, 2026). The Court has no basis to order release or an additional bond hearing, and Petitioner's requests are denied.

Accordingly, it is **HEREBY ORDERED** that Petitioner Jose Jesus Diaz Lombano's Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED**.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE